### SUFRIN v. RHINE REALTY & IMPROVEMENT CO.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

DISCOVERY (§ 47*)—EXAMINATION OF PARTIES.

   Where the circumstances of a case in which a discovery of evidence by an 'examination of defendant before trial is sought are such that it seems improbable that the plaintiff can maintain his cause without obtaining the evidence he seeks to extract, an order for examination of the defendant is proper, even though the plaintiff might have obtained the evidence from some other witness.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 61; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by Maurice N. Sufrin against the Rhine Realty & Improvement Company. From an order striking out clauses in an order for the examination of defendant before trial, plaintiff appeals. Reversed, and motion denied.

Arued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John L. Lockwood, of New York City, for appellant.
J. J. Kramer, of New York City, for respondent.

PER CURIAM. This is an appeal by plaintiff from an order striking out four clauses in an order for the examination of the defendant before trial.

The circumstances of the case are peculiar, and it is not easy to see how plaintiff can maintain his cause of action, if it be meritorious, without obtaining the evidence he seeks to extract from his adversary. That he might obtain it from some other witness is not an answer to his application to examine the defendant. In our opinion the original order was right, and should not have been modified.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes